[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Patricia BuckWolf, Esq. For the Petitioner.
James G. Clark Esq. Assistant State's Atty. for the State.
MEMORANDUM OF DECISION
BY THE DIVISION CT Page 9761
The petitioner was convicted by trial by jury of three counts of Robbery 1st degree, Conn. Gen. Stats. 53a-134(a)(4) and Sexual Assault 1st degree, Conn. Gen. Stats. 53a-70(A). He was sentenced to consecutive sentences of twenty years for each offense, for an effective sentence of eighty years. When imposing its sentence the trial court ran the eighty years consecutive to two previous sentences imposed by different courts.
In order to totally understand the sentence imposed here, a fuller picture is necessary. The crimes the petitioner was convicted of in this review were committed in 1983 During arraignment for these offenses in 1984, the petitioner escaped. In 1985 it was discovered that the petitioner was serving time in New York under a false name. He was transported back to Connecticut in 1986 to face charges of Persistent Serious Felony Offender and Escape from Custody. He was convicted as charged, but escaped once again prior to sentencing. He was then sentenced in absentia to a term of Ten years to serve. (See Sentence Review decision dated 11 October, 1991). After plea bargain the petitioner was sentenced to 19 years to serve by another court for the second escape charge. That 19 years was concurrent to the 10 years he was sentenced in absentia.
At the hearing before this board counsel argued that the sentence imposed by the trial court was inappropriate, disproportionate and excessive. Further, that it constitutes cruel and unusual punishment in violation of the Constitution of the United States. His argument being that the eighty year sentence was more appropriate for a murder, rather than the crimes the petitioner committed. Counsel argued that although petitioner has a serious record, he still exhibits an ability to rehabilitate himself.
Counsel for the state noted that the petitioner was a hardened and dangerous criminal. That while being tried for an escape he escaped again to New York. Further, that while in New York under a false name he was convicted of two robberies, both CT Page 9762 Class C. felonies. Counsel pointed out that even though the trial court heard the testimony of the sexual assault victim some six years after the trial he still noted how it affected her at the trial. He urged this board to note that the trial judge found the petitioner to be a dangerous person and that based upon the number of crimes involved and the type of crimes that the sentence was fair.
The petitioner when addressing the Board said that everything was a fabrication and that the actions of the criminal justice system has racial undertones.
In reviewing the record of the petitioner and the nature of the crimes convicted, it shows a serious pattern of anti-social conduct. Each of the crimes strike at the heart and order of society. In reviewing the sentence imposed here, this Board finds the maximum eighty year sentence, while stiff, not inappropriate. However, to impose it consecutive to the other sentences imposed, requires a modification. The transcript shows that the petitioner basically "acted out" at the sentencing and asked the trial judge to give him no sympathy. Although we cannot know the tone we suspect the exchange was not idle talk. While this division finds the major sentence appropriate, the election of making the total sentence consecutive versus concurrent requires modification. Therefore we hereby remand this to the sentencing court to impose a total effective sentence of eighty years concurrent to any other sentences imposed.
Purtill, J. Norko, J. Stanley, J.
Purtill, J., Norko, J., and Stanley, J. participated in this decision.